IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFF DAVIS | : | CIVIL ACTION |
| v. | : | |
| GAMESA TECHNOLOGY CORP., et al. | : | NO. 08-4536 |

**O R D E R**

AND NOW, this 20th day of October, 2009, upon consideration of plaintiff's motion to compel production of documents and interrogatory responses (the "Motion") (Doc. No. 27) and defendants' opposition thereto (Doc. No. 30), after a hearing on the Motion on September 8, 2009, and upon consideration of post-hearing letter briefs of the parties dated September 10 and 24, 2009 (plaintiff) and September 14, 2009 (defendants), it is hereby

**ORDERED**

1. The Motion is **GRANTED IN PART** and **DENIED IN PART**.

2. Within thirty (30) days of the date of this Order, defendants must produce the documents or information requested subject to the limitations set forth herein. This court finds that responsive documents held by Eolica are "in the possession, custody or control" of defendants and must be produced. Fed. R. Civ. P. 34(a). The court also finds that, except as set forth below, information requested in the Interrogatories or Request for Production of Documents regarding events that occurred in Spain is relevant only to the extent it involves the same type of nacelle, turbine doors, hoist, crane, chain and collection bag as present on Tower 19 at the time of the incident.

3. Defendants shall respond to Interrogatory Nos. 3, 4, 5 and 10.

        4.       With respect to Interrogatory No. 7, defendants will confirm in writing that some training was provided orally.

        5.       With respect to contention interrogatories, Interrogatories Nos. 8 and 12-17, plaintiff agrees to postpone seeking responses to these interrogatories until the close of discovery. After the close of discovery, the parties shall confer and plaintiff shall determine whether he still needs the information requested in these interrogatories.

        6.       With respect to Document Request Nos. 6, 7, 8, 13 and 24, defendants shall produce to plaintiff all documents regarding the Tower 19 nacelle and all access doors, hoists, cranes, chains and collections bags with respect to Tower 19.

        7.       Defendants shall respond to Document Request No. 9.

        8.       With respect to Document Request Nos. 14, 15, 18 and 20, defendants shall produce to plaintiff installation/operation manuals regarding the hoist at Tower 19.

        9.       With respect to Document Request No. 17, defendants shall produce all responsive documents regarding the hoist at Tower 19.

        10.      With respect to Document Request No. 22, defendants shall produce all documents regarding any rescue/ evacuation/ emergency plans in place at defendants' United States locations.

        11.      With respect to Document Request No. 23, defendants shall produce all documents regarding OSHA citations for deficiencies regarding any rescue/ evacuation/ emergency plans at defendants' United States locations.

      12.      Except to the extent set forth above, defendants' objections to plaintiff's discovery requests are **DENIED**.  In their objections, defendants asserted several claims of attorney client privilege and the work product doctrine.  These claims were not raised at the hearing.  Defendants have not waived any appropriate claims of attorney client privilege or the work product doctrine.

BY THE COURT:

_____  /s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge